UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JOHN JEFFRIES, et. al. | : | Case No. 1-21-cv-00184 |
| Plaintiffs, | : | |
| | : | Judge Michael R. Barrett |
| vs. | : | MJ: Karen L. Litkovitz |
| | : | |
| CITY OF CINCINNATI, et. al. | : | MEMORANDUM IN OPPOSITION TO |
| | : | MOTION TO DISMISS |
| Defendants | | |

I. **Introduction**

The Motion of Defendants, the City of Cincinnati, City Manager Paul Boggs Muething and the Cincinnati Civil Service Commission ("City"), to dismiss Plaintiffs' Notice of Appeal and Complaint should be denied. In this action, Plaintiffs properly provided notice of their appeal of the January 29, 2021 decision of the Civil Service Commission ("Commission") declining to take any action on Plaintiffs' appeal of their promotional examination grades. In particular, Plaintiffs appealed the City's failure to award them seniority points for prior service at other governmental or quasi-governmental organizations. The City's decision declining to take action is a final order under R.C. 2506.01. Further, it was issued from a quasi-judicial proceeding. The City of Cincinnati Civil Service Rules ("Civil Service Rules") expressly provide employees with a right to appeal their exam grades, and such appeal involves notice and a hearing. Plaintiffs have therefore properly appealed the decision in this case. Further, to the extent that the City attempts to argue the merits of the appeal in a Motion to Dismiss, this is procedurally improper under R.C. 2506.03.

The Complaint states viable claims for mandamus relief and Section 1983 damages. When Plaintiffs' promotional examinations were taken and graded, the City had in place a practice and procedure under it awarded seniority points based on prior years of similar civil service in other governmental or quasi-governmental entities. In August, 2020, the City abruptly changed its policy, in response to the appeal of another officer to the City's original decision to award Plaintiff Sherman seniority points. The officer's attorney clarified that the Ohio Supreme Court authority that mandated seniority points based on other governmental service, *MacArthur v. DeSouza*, 65 Ohio St.2d 25 (1992), was no longer applicable law because the governing statute had been amended in 2011. So when Plaintiffs took their exams and when their exams were graded, they had a clear legal right to "DeSouza points," as the City had been awarding DeSouza points continually after the statutory amendment in 2011. Yet mid-appeal, the City changes its position and denied Plaintiffs these points, even though they granted them to other similarly situated officers.

For similar reasons, Plaintiffs can proceed on their Section 1983 claim. The City's decision not to take further action on the appeal, which has the effect of denying the appeals denies them of their rights to equal protection under the Ohio and United States Constitutions. Accordingly, the City's Motion should be denied.

II. **Argument**

    A. **Plaintiffs are entitled to an appeal of the decision**.

Plaintiffs appealed the decisions of the Civil Service Commission dated January 28, 2021, declining to take action on their requests to add seniority points to their promotional exam grades. See ¶ 26 of Plaintiffs' Notice of Appeal/Complaint. The City contends that this decision is not appealable because the Civil Service Rules do not allow

an appeal of that decision. The City also suggests, but does not argue, that the appeal did not derive from a quasi-judicial proceeding and therefore cannot be appealed under the Ohio Constitution. Both arguments lack merit.

The Civil Service Rules expressly allow Plaintiffs to appeal the grading of their exams.[1] Rule 17, Section 2, provides as follows: "An employee may appeal the results of a classification study, rejection of application, or the grading of an examination by filing a notice of appeal with the Civil Service Commission. The notice of appeal must be in writing and filed with the Commission not later than fourteen calendar days from the date of notice." (Emphasis added.) The appeals process requires notice and a hearing before the Commission can render a decision:

> Rules 17, Section 2, B. Procedure in Classification Appeals:
>
> The Commission shall conduct a fact-finding hearing to determine the duties which are performed by the incumbent in the affected position.

Under the Civil Service Rules, the award of seniority points falls within the grading process. Civil Service Rule Section 10, 5(A) provides as follows: "In promotional examinations, credit for seniority in service shall be added to the examination grade, but no credit for seniority or any other reason shall be added to an examination grade unless the applicant achieves a passing score on the examination without counting such extra credit." Thus, contrary to the City's contention that no provisions allow the appeal of awarding seniority points, the Civil Service Rules expressly recognize this right.

In this case, after the Commission posted the promotional eligibility lists, Plaintiffs appealed the City's decision and requested additional seniority points under

---

[1] The City even states as much in its Motion to Dismiss, which begs one to question why it would argue that this decision is not subject to an appeal.

DeSouza. (See Complaint, attached letter.) In response, on August 11, 2020, another candidate, Christopher Sulton, appealed the Commission's original decision awarding DeSouza points to Sherman, which would have displaced Sulton on the promotion eligibility list. In response, on January 29, 2021, the City reversed its prior decision with respect to Sherman, and issued notices that it would refuse to take any action on Plaintiffs' appeals.

The Commission's decisions constitute final orders, subject to appeal under R.C. 2506.01(A). R.C. 2506.01(A) provides for administrative appeals and states that "every final order, adjudication, or decision of any officer .... commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located." See also *Hennosy v. The Municipal Civil Service Commn. for City of Columbus*, 10th Dist. Franklin No. 10AP-417, 2010-Ohio-5971, ¶11. A "final order, adjudication or decision" under R.C. 2506.01(A) means "an order, adjudication, or decision that determines rights, duties, privileges, benefits, or legal relationships of a person." R.C. 2506.01(C). There is no question that the decision denying to take any action on Plaintiffs' appeal determines the issue – they are not awarded DeSouza seniority points on their grades.

The City next suggests, without any analysis, that the Commission's decision was not the result of a quasi-judicial proceeding. Section 4(B), Article IV of the Ohio Constitution provides that the courts of common pleas have the power to review proceedings of administrative officers and agencies, but only if the proceedings are quasi-judicial in nature. Administrative actions that are not quasi-judicial in nature are not appealable to the courts of common pleas under R.C. 2506.01. *Hennosy* at ¶ 12; *Fortner v. Thomas*, 22 Ohio St.2d 13, 257 N.E.2d 371 (1970), paragraph one of the syllabus; *M.J.*

*Kelley Co. v. Cleveland*, 32 Ohio St.2d 150, 290 N.E.2d 562 (1972), paragraph one of the syllabus. A proceeding does not qualify as quasi-judicial unless the law mandates that the proceeding include notice, a hearing, and the opportunity for the introduction of evidence. *Garrett v. City of Columbus*, 2010-Ohio-3895, 10th Dist. Franklin No. 10AP-77, ¶ 15; *M.J. Kelley Co.* at paragraph two of the syllabus; *Zupp v. Mun. Civ. Serv. Comm.*, 10th Dist. No. 09AP-895, 2010-Ohio-2614, ¶ 12; *Braun v. Columbus, Bd. of Indus. Relations*, 10th Dist. No. 07AP-496, 2007-Ohio-7148, ¶ 9. "Whether there is an adjudication depends not upon what the administrative agency actually did, but rather upon what the administrative agency should have done." *In re Appeal of Howard*, 73 Ohio.App.3d 717, 719, 598 N.E.2d 165 (10th Dist.1991). Thus, regardless of the procedural amenities granted on the administrative level, absent a legal requirement that the agency provide notice and a hearing before rendering a decision, an appellant has no ground to appeal that administrative decision. Id . at 719-20; *Zupp* at ¶13; *Gaines v. Columbus Civ. Serv. Comm.,* 182 Ohio.App.3d 576, 2009-Ohio-2662, ¶11 (10th Dist.).

In this case, the decision which Plaintiffs appeal is unquestionably the result of quasi-judicial proceeding. Garret at ¶¶ 16-17. The January 29, 2021 decision was the result of notice and a hearing; the Civil Rules provide for these when an employee appeals its exam grade. See, for example, *Andrews v. Civ. Serv. Com'n of Columbus*, 10th Dist. Franklin No. 95APE10-1324, 1996 WL 188531, *1, which two applicants appealed to the Franklin County Court of Common Pleas after their names were removed from a firefighter eligibility list. The city commission's rules provided that if an applicant's name were removed from such an eligibility list, the matter would be referred to a commission's background officer, the applicant would be notified of the date and time of the review meeting, and the background officer would meet with the applicant and a representative

from the commission to review the information that resulted in the decision to remove the applicant's name from the list. Further, the disqualified applicant would be given notice of the date and time of this review meeting, to allow the disqualified application the opportunity to state his or her case for reinstatement. The court held this decision was a quasi-judicial proceeding and thus subject to appeal.

See also *State ex rel. Fern v. Cincinnati*, 161 Ohio App.3d 804, 2005-Ohio-3168, 832 N.E.2d 106, ¶¶ 51-53 (1st Dist.), in which the court held that if the rules provided for notice and a hearing, the Commission's decision not to proceed with an appeal is still a quasi-judicial proceeding:

> Cincinnati Civil Service Commission Rule 17 concerns appeals to the commission. Section 3 states that written notice should be given to the parties 30 days before their hearing. The parties must notify the commission of potential witnesses. Section 5 states that the commission should hear evidence upon the charges and outlines the order of the presentation of evidence.
>
> The commission rules required the commission to conduct a quasi-judicial hearing for Fern's appeal. Its failure to hold a hearing did not mean that the commission's decision was not subject to appellate review. When the commission denied Fern's appeal, the decision was a final, appealable order from a quasi-judicial hearing.

Similarly, the Civil Service Rules in this case require notice and an evidentiary hearing when employees file an appeal of their promotional exam grades. Thus, even though the Commission declined to take action, this decision results from a quasi-judicial proceeding and is directly appealable to this Court.

### B. **Since Plaintiffs are entitled to an appeal, arguments on the merits are premature**.

After incorrectly insisting that Plaintiffs are not entitled to an appeal, the City then attempts to argue the merits of the appeal in its Motion to Dismiss. But at this point, since

Plaintiffs' notice of the appeal is sufficient and the decision involves a final, appealable order, arguing the merits is premature. Under R.C. 2506.03(A), the "hearing of an appeal taken in relation to a final order, adjudication, or decision covered by division (A) of section 2506.01 of the Revised Code shall proceed as in the trial of a civil action, but the court shall be confined to the transcript filed under section 2506.02 of the Revised Code unless it appears, on the face of that transcript or by affidavit filed by the appellant....". Thus, the parties will address the merits of the appeal once the transcript has filed and the parties have the opportunity to be heard on appeal.

The City's attempts to argue the merits now, without reference to the transcript or without establishing a hearing/trial date, are procedurally improper. Further, as the below arguments demonstrate, Plaintiffs have successfully alleged violations of the Equal Protection clauses of the Ohio and United States Constitution for the City's failure to award them DeSouza points, and therefore will be successful on their appeal.

### C. **Plaintiffs have properly plead a mandamus claim**

The City seeks dismissal of the mandamus action, even though it also correspondingly seeks dismissal of the appeal. The City appears to be positing that employees lack any ability to review their promotional exam grade, even though the Civil Service Rules provide for such review and despite of how unfair or discriminatory the exam grading may be.

In fact, Plaintiffs pled a mandamus remedy in the alternative to the appeal, which is appropriate under Ohio Civ. R. 8(E)(2). See also *State ex rel. Fern v. Cincinnati*, 161 Ohio App.3d 804, 2005-Ohio-3168, 832 N.E.2d 106, ¶ 54 (1st Dist.) ("Therefore, Fern properly appealed the commission's decision to the trial court under R.C. Chapter 2506. We understand why, in an abundance of caution, Fern also sought a writ of mandamus in

the trial court. But the writ was unnecessary and could not have been issued because Fern had an adequate remedy at law.").

The Ohio Supreme Court has set forth the requirements that the relator must demonstrate in order to issue a writ of mandamus:

- The relator has a clear legal right to the relief prayed for;
- The respondents are under a clear legal duty to perform the acts; and
- The relator has no plain and adequate remedy in the ordinary course of the law.

State ex rel Harris v. Rhodes, 54 Ohio St.2d 41, 42, 374 N.E.2d 641 (1978); State ex rel. Midview Local School District Board of Education v. Ohio School Facilities Commission, 9th Dist. Lorain No. C.A. 16CA010991, 2017-Ohio-6928, ¶ 10.

The City insists that because Plaintiffs have failed to point to a specific statute outlining their right for relief, they have failed to demonstrate a "clear legal right" to relief. But courts in mandamus actions have a duty to construe constitutions, charter and statutes to evaluate whether the relator has established the required clear legal right and clear legal duty. *State ex rel. Tomino v. Brown*, 47 Ohio St.3d 119, 120, 549 N.E.2d 505 (1989); *State ex rel. Ashbrook v. Brown*, 39 Ohio St.3d 115, 117, 529 N.E.2d 896 (1988); *State ex rel. Fattlar v. Boyle*, 83 Ohio St.3d 123, 125, 698 N.E.2d 987 (1998). Further, the court must resolve all doubts concerning the legal interpretation of these provisions. *State ex rel. Melvin v. Sweeney,* 154 Ohio St. 223, 225–226, 94 N.E.2d 785 (1950); *Boyle* at 125.

The Civil Service Rules require the award of seniority points. Section 10, 5(A) provides as follows: "In promotional examinations, credit for seniority in service shall be added to the examination grade, but no credit for seniority or any other reason shall be added to an examination grade unless the applicant achieves a passing score on the examination without counting such extra credit." Thus, Plaintiffs have a right to an award

for seniority points. As alleged in Plaintiffs' Complaint, at the time that Plaintiffs took the promotional examination and at the time their scores were graded, the City had a policy and practice of awarding Desouza points to officers who had served in civil service positions with a different governmental or quasi-governmental agency. Plaintiffs' Complaint contains numerous examples where the City awarded other officers these points, based on other civil service positions. Complaint, ¶¶ 18-19.

To award some officers with Desouza points after the statute was amended in 2011, but to deny other similarly situated officers these points, simply because the City recognized the legal error of its 10-year-old practice, would result in a violation of the Equal Protection Clauses of the Ohio and United States Constitutions. See Equal Protection Clause of the Ohio Constitution, Article I, Section 2 (All political power is inherent in the people. Government is instituted for their equal protection and benefit..."); Fourteenth Amendment, U.S. Constitution (No state shall "deny to any person within its jurisdiction the equal protection of the laws.").

Thus, contrary to the City's assertions, mandamus is available as an alternative remedy to a direct appeal because Plaintiffs have a clear legal right to be awarded seniority points. The City must administer this legal right in a way that does not violate Plaintiffs' equal protection rights.

### D. **Plaintiffs have properly stated a Section 1983 claim**

### a. **Plaintiffs are not class-of-one governmental employees**

The City first argues that Plaintiffs cannot state a Section 1983 claim based on the Equal Protection clause because they are class-of-one plaintiffs. Putting aside the fact that there is more than one plaintiff, this theory simply does not apply in this factual context. Under *Engquist v. Oregon Department of Agriculture*, 553 U.S. 591, 128 S.Ct. 2146, 170

L.Ed.2d 975 (2008), the plaintiff was a state employee who brought "a 'class-of-one' equal protection claim, alleging that she was fired not because she was a member of an identified class, but simply for "arbitrary, vindictive, and malicious reasons." The Supreme Court held that the "class-of-one" theory of equal protection, which the Court recognized in *Village of Willowbrook v. Olech*, 528 U.S. 562, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000) (per curiam), has no application in the public employment context. Engquist, 553 U.S. at 601. The Court reasoned that for certain forms of state action involving "discretionary decision-making based on a vast array of subjective, individualized assessments," the general rule of equal protection that "people should be 'treated alike, under like circumstances and conditions' is not violated when one person is treated differently from others, because treating like individuals differently is an accepted consequence of the discretion granted." Id. at 603.  See also *Davis v. Prison Health Services*, 679 F.3d 433, 440 (6th Cir., 2012).

      Plaintiffs are not class-of-one plaintiffs.  They are not alleging that the Commission denied them seniority points based on the result of individualized assessments and decision making. In fact, they allege the opposite. Plaintiffs are members of a class of officers who took promotional exams and had their exams graded while the City was awarding DeSouza points for seniority, even though it was not mandated by law.  But these Plaintiffs were treated differently—denied DeSouza points—because the City abruptly changed its policy when another attorney's appeal letter revealed that the policy was based on 10-year-old-law that was no longer valid. This is the City's only reason for denying Plaintiffs' appeal. There is no individualized consideration involved; rather this involves a change in policy based on the realization of a wrongful construction of law.

### b. The City's decision was not based on any rational basis

The City next contends that its decision to deny the appeal was supported by rationale basis. This is simply not true; the City's decision to deny the appeal was based on the fact that another lawyer called the City out for wrongfully construing the applicable law for over ten years. Rather than rationally determining how to adopt a new policy—based on 10-year-old law—which provided equal consideration and treatment to all officers, the City simply changed its position abruptly, ignoring the consequences that would befall those officers who had not yet received seniority points. This is not a decision supported by rational basis; it is an abrupt change in course, based on the after-the-fact realization of that the City had not properly construed the law for 10 years.

In *Breck v. State of Mich.*, 203 F.3d 392, 395–96 (6th Cir.2000), the court explained rational basis scrutiny:

> Rational basis scrutiny, a deferential review, only requires a state of facts that provide a conceivable basis for the classification. See *Allied Stores v. Bowers*, 358 U.S. 522, 530, 79 S.Ct. 437, 3 L.Ed.2d 480 (1959). To withstand constitutional review, the classification simply must be rationally related to the goal or purpose of the classification. *Minnesota v. Clover Leaf Creamery Co.*, 449 U.S. 456, 464, 101 S.Ct. 715, 66 L.Ed.2d 659 (1981). Rational basis review does not assess the wisdom of the challenged regulation. See *Massachusetts Bd. of Retirement v. Murgia*, 427 U.S. 307, 316, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976) (noting that the Court did not assess the wisdom of requiring police officers to retire at age fifty-five); see also *Stiles v. Blunt*, 912 F.2d 260, 267 (8th Cir.1990) (applying rational basis review to Missouri's minimum age requirement for state legislative office while withholding the court's own evaluation of the law's wisdom). Further, whether the identified legitimate state interests were actually considered in establishing the prohibition is irrelevant. See *Flemming v. Nestor*, 363 U.S. 603, 612, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960); *Zielasko*, 873 F.2d at 961. Likewise, whether a legislature "was unwise in not choosing a means more precisely related to its primary purpose is irrelevant." See *Vance v. Bradley*, 440 U.S. 93, 109, 99 S.Ct. 939, 59 L.Ed.2d 171 (1979) (citing *Califano v. Jobst*, 434 U.S. 47, 56–58, 98 S.Ct. 95, 54 L.Ed.2d 228 (1977)).

In this case, the City's classification is not "rationally related to the goal or purpose of the classification," because the classification of officers – those who took the test and whose tests were graded prior to the City's discovery of the amendment—is not rationally related to any goals regarding promotion. Rather, the classification results from the City's discovery—by another lawyer's—that its policy and practice was no longer mandated by law and had not been for the last ten years. This created the irrational basis of two classes of similar situated officers who took promotional exams: 1. those who received DeSouza points on their promotional exam because the City had not yet discovered its error; and 2. those who did not receive such points because the City had been called out by another lawyer for its error. Lacking any rational basis for this classification, the City's decision violates Plaintiffs' equal protection rights.

The City relies on *Charles v. Baesler*, 910 F.2d 1349, 1357, (6th Cir.1990) to argue that government decisions which are the results of mistakes in the law cannot form the basis of the equal protection claim. In Charles, the court held that an employee's failure to be promoted, even though other employees were promoted based on mistaken applications of the law, did not constitute an equal protection clause. "In short, Charles' equal protection claim boils down to the assertion that 'he was treated one way and everyone else another,' which 'has never been thought to raise an equal protection claim.'" *Charles v. Baesler*, 910 F.2d 1349, 1357(6th Cir.1990) But as argued above under the class-of-one argument, this situation is not based on one individual being treated differently than another. This is based on the City's failure to abide by the equal protection laws under the Ohio and United States Constitutions when changing its promotion/grading policy with respect to seniority points. This abrupt change in practice was not the result of the government's interest in furthering the promotional goals of the

police officers. Rather, it was a rushed, ill-conceived change in policy that resulted in classes of similarly situated officers receiving different promotional points.

The City then contends that in challenging the denial of DeSouza points, Plaintiffs expect the City to award DeSouza points indefinitely. Not so. Plaintiffs only request that the City not violate their constitutional rights when changing the policy. While it is not Plaintiffs' job to describe how to make a rationally based, non-discriminatory policy regarding seniority points, changes in the law happen all of the time. The City's ability to adopt a constitutionally appropriate policy to adhere to such changes does not seem too difficult of a task.

### III. **Conclusion**

Based on the above arguments, the City's Motion to Dismiss should be denied.

Respectfully submitted,

/s/ Zachary Gottesman
Zachary Gottesman (0058675)
Trial Attorney for Plaintiff
Gottesman & Associates, LLC
404 E 12th Street, First Floor
Cincinnati, Ohio 45202-7463
T: 513-651-2121
F: 513-651-2131
zg@zgottesmanlaw.com

Certificate of Service

I hereby certify that on 29 April 2021, a true and accurate copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. No copies of this filing are being mailed to any parties, as all parties are currently being served via the Court's electronic filing system and thereby may access this filing through that system.

/s/ Zachary Gottesman
Zachary Gottesman (0058675)