UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JOHN JEFFERIES, et. al., | Case No. 1:21-CV-184 |
| Plaintiffs, | Judge Michael R. Barrett |
| v. | |
| CITY OF CINCINNATI, et. al., | **OPINION & ORDER** |
| Defendants. | |

This matter is before the Court upon the motion to dismiss for failure to state a claim, (Doc. 4), filed by Defendants City of Cincinnati ("City"), Paula Boggs Muething, and Cincinnati Civil Service Commission ("Commission"). Plaintiffs John Jefferies and Marcus Sherman, Jr. have responded in opposition, (Doc. 6), and Defendants have replied, (Doc. 7). For the following reasons, the Court will grant the motion to dismiss as to Plaintiffs' federal equal protection claim and remand the remaining claims to the Hamilton County Court of Common Pleas.

I. **FACTUAL BACKGROUND**

Plaintiffs were City police officers who took the Cincinnati Police Department's sergeant promotional exam prior to August 11, 2020. (Doc. 3, PageID 28). At that time, the City awarded additional points to the scores of candidates for prior years of classified civil service employment, under the holding of *State ex rel. McArthur v. DeSouza*, 599 N.E.2d 268 (Ohio 1992). (*Id.*). Plaintiffs both possessed prior experience as officers—Jefferies for the City of Madeira and the University of Cincinnati and Sherman, Jr. for the City—and were initially awarded *DeSouza* points for that service. (*Id.*).

1

However, another sergeant candidate challenged the award of *DeSouza* seniority points to Plaintiffs. (*Id.*, PageID 34). The challenge was premised on the conclusion that a 2011 Ohio General Assembly amendment to Ohio Revised Code § 124.31 superseded *DeSouza*. (*Id.*, PageID 36). The Cincinnati Civil Service Commission agreed with the challenger and rescinded the award of *DeSouza* points to Plaintiffs. (*Id.*, PageID 28).

Plaintiffs consequently brought three claims in state court. First, Plaintiffs claim a violation of their equal protection rights under 42 U.S.C. § 1983. (*Id.*, PageID 31). Second, Plaintiffs give notice of appeal from the Commission's decision. (*Id.*, PageID 30). And third, Plaintiffs petition for a writ of mandamus ordering that their exam scores be adjusted. (*Id.*, PageID 30-31). Defendants removed the matter and ultimately moved to dismiss, arguing that Plaintiffs' equal protection claim is barred by *Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591 (2008), or alternatively, that the City's position survives under rational basis review. (Doc. 4, PageID 52, 55). Plaintiffs counter that *Engquist* is inapplicable and argue that Defendants' position lacked a rational basis because it was it was based on an after-the-fact realization of an improper application of law. (Doc. 6, PageID 69-70).

## II. LEGAL STANDARDS

### A. Rule 12(b)(6)

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must allege sufficient facts that, accepted as true, 'state a claim to relief that is plausible on its face'" *Strayhorn v. Wyeth Pharmaceuticals, Inc.*, 737 F.3d 378, 387 (6th Cir. 2013) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "When determining facial plausibility, the court must construe the complaint in the light most favorable to the plaintiff." *Id.* (citing *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008)).

However, the Court "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014). Thus, pleadings which offer only "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Plaintiffs must plead more "than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

### B. Equal Protection

To establish an equal protection claim, "a plaintiff must allege that the state made a distinction which 'burden[ed] a fundamental right, target[ed] a suspect class, or intentionally treat[ed] one differently from others similarly situated without any rational basis for the difference.'" *Doe v. Miami University*, 882 F.3d 579, 595 (6th Cir. 2018). In certain situations, plaintiffs may bring so-called "class-of-one" equal protection claims. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). In class-of-one claims, "the plaintiff alleges that []he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id.* "[T]he hallmark of [a 'class-of-one'] claim is not the allegation that one individual was singled out, but rather, the allegation of arbitrary or malicious treatment not based on membership in a disfavored class." *Davis v. Prison Health Servs.*, 679 F.3d 433, 441 (6th Cir. 2012).

3

This is in contrast to a traditional equal protection claim, in which a plaintiff alleges membership in a specific class or group. *Olech*, 528 U.S. at 564.[1]

Class-of-one equal protection claims cannot proceed in the government employment context. *Engquist*, 553 U.S. at 605. In *Engquist*, the Supreme Court noted that "[t]o treat employees differently is not to classify them in a way that raises equal protection concerns. Rather, it is simply to exercise the broad discretion that typically characterizes the employer-employee relationship." *Id.* Class-of-one claims are inadequate when "government employers are alleged to have made an individualized, subjective personnel decision in a seemingly arbitrary or irrational manner." *Id.* Instead, plaintiffs pursing an equal protection claim in the government employment context must allege a traditional class-based claim. *See Davis*, 679 F.3d at 442 (holding that *Engquist* did not bar the plaintiff's equal protection claim because the plaintiff "asserted a traditional, class-based discrimination claim and not a 'class-of-one' equal protection claim.").

Equal protection claims not involving class-based discrimination or government employment action are subjected to rational basis review. *Engquist*, 553 U.S. at 605. Under rational basis review, "courts will not overturn government action 'unless the varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purposes that [the court] can only conclude that the [government's] actions were irrational.'" *Warren v. City of Athens, Ohio*, 411 F.3d 697, 710 (6th Cir. 2005) (quoting *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 84 (2000)). This can be demonstrated in two ways: either the plaintiff negates "'every conceivable basis

---

[1] Contrary to what the name might imply, a class-of-one equal protection claim may be brought by a group composed of more than one individual. *See Olech*, 528 U.S. at 564, n.1.

which might support' the government action" or the plaintiff demonstrates "that the challenged government action was motivated by animus or ill-will." *Id.* at 711 (quoting *Klimik v. Kent Cnty. Sheriff's Dept.*, 91 F. App'x 396, 400 (6th Cir. 2004)).

A government entity's decision is "presumptively valid" and will be sustained "if any conceivable basis rationally supports it." *TriHealth, Inc. v. Bd. of Comm'rs, Hamilton Cnty., Ohio*, 430 F.3d 783, 790 (6th Cir. 2005). The presumption of validity "may be based on rational speculation unsupported by evidence or empirical data." *Id.* At the motion-to-dismiss stage, "a plaintiff must allege facts sufficient to overcome the presumption of rationality that applies to government classifications." *In re City of Detroit, Mich.*, 841 F.3d 684, 701 (6th Cir. 2016) (quoting *Wroblewski v. City of Washburn*, 965 F.2d 452, 460 (7th Cir. 1992)).

### III. ANALYSIS

#### A. *Engquist*

Plaintiffs' equal protection claim is a class-of-one claim. They allege that their claim arises "because [Plaintiffs] are the only two police officers that have been denied seniority points under the City's pre-existing policy of awarding seniority points based on the (perhaps mistaken) interpretation of *DeSouza*." (Doc. 3, PageID 31). Plaintiffs list four similarly situated police officers who were awarded *DeSouza* points. (*Id.*, PageID 29). But nowhere in their complaint do Plaintiffs allege they are members of a distinct group of individuals.

In short, Plaintiff's class-of-one equal protection claim is in the context of government employment and must be dismissed under *Engquist*. Plaintiffs are disputing the employment actions of the City, the City Manager, and the City Civil Service

5

Commission–all government actors. Equal protection analysis "is simply a poor fit in the public employment context," and the Commission's decision to rescind Plaintiffs' *DeSouza* points was an "exercise of the broad discretion that typically characterizes the employer-employee relationship." *Engquist*, 553 U.S. at 605. As a result, Plaintiffs fail to state a claim upon which relief can be granted.

### B. Rational Basis

Considered in the alternative, Plaintiffs fail to overcome the presumption of rationality afforded to the Commission's decision. The factual circumstances animating Plaintiffs' complaint relate to the City's reversal of the award of *DeSouza* points. This reversal occurred when the misapplication of Civil Service Rule 10, Section 5(B)(3), was brought to the Commission's attention. Conforming with the law is clearly a rational goal, notwithstanding a prior period of nonconformity. Indeed, Plaintiffs' complaint never attacks the underlying law.

Prior to 2011, § 124.31 contained a section that stated "seniority in service shall be added to the examination grade" in competitive promotional exams. That chapter defined classified, civil, and state service as "includ[ing] all offices and positions of trust or employment in the service of the state and the counties, cities, city health districts, general health districts, and city school districts thereof." However, in 2011, § 124.31(B), upon which *DeSouza* rested, was removed entirely by the General Assembly. The section now states, in relevant part, that "[t]he director of administrative services shall provide in the director's rules for keeping a record of efficiency for each employee in the classified civil service of the state, and for making promotions in the classified civil service of the

6

state on the basis of merit and by conduct and capacity in office." Ohio Rev. Code § 124.31.

The Court assigns a presumption of rationality to the Commission's decision to ensure that promotion policy does not run afoul of state law. Rational speculation supports this presumed validity; the policy encourages City police officers to remain in service with the Cincinnati Police Department, which the City may want to do for any number of reasons. Plaintiffs have not negated every conceivable basis for the City's position, nor have they shown that the City's position is motivated by animus or ill will.

### C. Supplemental Jurisdiction

Plaintiffs' complaint was removed to federal court under 28 U.S.C. § 1331. (Doc. 1, PageID 1). The complaint concerns an administrative appeal under Ohio Revised Code § 2506.01, a petition for a writ of mandamus under state law, and an equal protection violation claim under 42 U.S.C. § 1983. (Doc. 1, PageID 2). Although the Court still retains supplemental jurisdiction of Plaintiffs' remaining two claims, the Court may decline to exercise that jurisdiction because it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In deciding whether to exercise supplemental jurisdiction, courts should weigh judicial economy, convenience, fairness, and comity. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

Declining to exercise supplemental jurisdiction after the dismissal of federal claims is a decision of pure discretion. *See* 28 U.S.C. § 1367(c)(3); *Osborn v. Haley*, 549 U.S. 225, 245 (2007). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to

7

state court if the action was removed." *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1255-56 (6th Cir. 1996).

The remaining claims are more appropriately adjudicated by Hamilton County Court of Common Pleas. First, the statute underlying Plaintiffs' administrative appeal references "the court of common pleas of the county in which the principal office of the political subdivision is located." Ohio Rev. Code § 2506.01(A). Second, Plaintiffs' petition for a writ of mandamus asserts that Defendants have clear legal duties under Civil Service Rule 10, Section 5(A), the Equal Protection Clause of the U.S. Constitution, and the Equal Protection Clause of the Ohio Constitution. (Doc. 6, PAGEID 67-68). Now that the federal constitutional matter has been resolved, Plaintiffs' petition for a writ of mandamus stands solely on state law grounds. For these reasons, the balance of considerations favors remanding the remaining claims to the Hamilton County Court of Common Pleas.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion to dismiss in part. Plaintiffs' federal equal protection claim is **DISMISSED** pursuant to Rule 12(b)(6), and the remaining claims are **REMANDED** to the Hamilton County Court of Common Pleas.

**IT IS SO ORDERED.**

                                                   */s/ Michael R. Barrett*
                                                   Michael R. Barrett
                                                   United States District Judge